# UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-70320- FJS |
| LATOYA SHAREE TIEUEL, | ) | |
| | ) | |
| *Debtor.* | ) | Chapter 13 |
| | ) | |

## ORDER TO APPEAR AND SHOW CAUSE

On June 13, 2024, the above-captioned Debtor filed a Motion to Incur Debt Secured by Real Property (the "Motion"). In support of the Motion, on June 25, 2024, the Debtor filed Amended Schedules I and J (the "Amended Budget"). The Trustee responded in opposition to the Motion on July 3, 2024, raising concerns regarding what appeared to be an undisclosed material increase in the Debtor's income during the term of her chapter 13 plan. More specifically, the Amended Budget disclosed that—since the time of the Debtor's first and only other income disclosure on January 31, 2020—her monthly income after payroll deductions had increased by $3,030.93.

On July 9, 2024, the Court convened a hearing on the Motion. The Debtor, Debtor's counsel, and the Chapter 13 Trustee's counsel appeared. Following the sworn testimony of the Debtor, the Court determined that, based on the facts and circumstances of the case, the incurrence of secured debt was not in the Debtor's best interest, and the Motion was therefore denied. As a result of the parties' presentations at the hearing, the Court determined that the Amended Budget was not accurate and that the Debtor must further amend her budget. Accordingly, the Court entered an Order on July 18, 2024, which provided that "the Debtor shall file an amended budget within 14 days of the entry of this Order." ECF 48. Fourteen days from July 18, 2024, was August 1, 2024. In that time, the Debtor filed a change of address, but, to date, no new budget has been

filed. Coupled with the Debtor's failure to timely and accurately disclose her financial situation in the past, the Court questions whether she is proceeding in good faith by failing to make timely and accurate disclosures of her income and expenses after being ordered to do so.

A chapter 13 bankruptcy case may be dismissed for lack of good faith. *In re Uzaldin*, 418 B.R. 166, 173 (Bankr. E.D. Va. 2009). The Court has the authority pursuant to 11 U.S.C. §§ 105(a) and 1307(c) to dismiss a case for lack of good faith on its own motion if necessary to prevent an abuse of process. *See id.*; *In re Brown*, 399 B.R. 162, 165 (Bankr. W.D. Va. 2009). Good faith is assessed based upon the totality of the circumstances, which includes an inquiry into the following non-exhaustive list of factors:

> the nature of the debt; whether the debt would be non-dischargeable in a chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors before and after the petition was filed; and *whether the debtor has been forthcoming with the bankruptcy court and the creditors*.

*Uzaldin*, B.R. 418 at 173-74 (emphasis added). The basis for the court's good faith determination is "fundamental fairness." *Id.* at 173. Dismissal with prejudice is available pursuant to 11 U.S.C. §§ 105(a) and 349(a) to prevent abuse. *See In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997); *cf. Kestell v. Kestell* (*In re Kestell*), 99 F.3d 146, 148-49 (4th Cir. 1996).

Accordingly, the Court finds that the Debtor should appear and show cause why the Court this case should not be dismissed or dismissed with a bar to refiling pursuant to 11 U.S.C. §§ 105(a) and 1307(c) for lack of good faith based upon the reasons described above.

It is ORDERED that the Debtor, LaToya Sharee Tieuel, shall APPEAR in person with counsel on **August 20, 2024, at 10:15 a.m.**, at 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia, and SHOW CAUSE why her case should not either be dismissed or dismissed with a bar to refiling for a period the Court deems appropriate for her failure to file an amended

budget in accordance with the Court's Order entered July 18, 2024. This Order shall constitute

notice of the hearing.

The Clerk's Office shall provide notice of this Order to the Debtor, Debtor's counsel, the

Chapter 13 Trustee, and all creditors and parties in interest.

IT IS SO ORDERED.


Aug 5 2024                                          /s/ Frank J Santoro

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered On Docket:   Aug 5 2024